IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


| | | |
|---|---|---|
| DAVID ANTHONY MYRIE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0228 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |


**REPORT AND RECOMMENDATION TO DISMISS
MOTION UNDER 28 U.S.C. § 2255 TO CORRECT SENTENCE**

Came for consideration the Motion Under 28 U.S.C. § 2255 to Correct Sentence filed by petitioner DAVID ANTHONY MYRIE on September 24, 2010. For the reasons set forth below, petitioner's motion is time-barred and should be DISMISSED.

I.
PROCEDURAL HISTORY

On August 3, 2007, petitioner pled guilty to the felony offense of illegal re-entry of an aggravated felon. On November 1, 2007, the United States District Judge sentenced petitioner to a term of 57 months imprisonment for the offense, and Judgment was entered. Petitioner did not file a direct appeal challenging his conviction or sentence. Consequently, petitioner's conviction became final on November 12, 2007 upon the expiration of time for filing a notice of appeal.[1] On

---

[1] Petitioner had ten (10) days in which to file a Notice of Appeal. *See* Fed. R. App. Proc. 4(b)(1)(A)(i). Because the tenth day fell on a Sunday, petitioner had until the following Monday, November 12, 2007, to file any notice.

September 24, 2010, almost three (3) years after his conviction became final, petitioner filed the instant motion challenging his sentence.

## II.
## PETITIONER'S ALLEGATIONS

In his motion to vacate, petitioner presents the following claims:

1. USSG § 2L1.2 violates the 14th Amendment to the United States Constitution because it creates a class of persons (foreign born persons) that are treated differently and more harshly by the Guidelines than all other persons; and

2. USSG § 2L1.2 violates the 8th Amendment to the United States Constitution because it results in cruel and unusual punishment.

## III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2255 establishes a one-year limitation period for filing a motion to vacate, set aside or correct sentence in federal court. That section provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner challenges his November 1, 2007 sentence on the grounds that the guidelines

which were used to determine his sentence are unconstitutional. Petitioner's judgment of conviction and sentence became final on November 12, 2007. The one-year statute of limitations thus began to run on November 13, 2007, making petitioner's motion to correct his sentence due to be filed on or before November 13, 2008. As petitioner did not file the instant motion until September 24, 2010, the motion is untimely and should be dismissed.[2]

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by petitioner DAVID ANTHONY MYRIE be, in all things, DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of September, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner advises he did not receive "help or attention from anyone to look over his case" until he arrived at his current place of incarceration and that another inmate suggested to him the grounds he asserts herein in September 2010. Such assertions do not render petitioner's motion timely, nor do they constitute valid arguments for equitable tolling.

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).